**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| FOAMIX PHARMACEUTICALS LTD., STANLEY HIRSCH, STANLEY STERN, REX BRIGHT, ANNA KAZANCHYAN, TONY BRUNO, DAVID DOMZALSKI, AARON SCHWARTZ, SHARON BARBARI, MENLO THERAPEUTICS INC., and GIANTS MERGER SUBSIDIARY LTD., | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 11, 2019 (the "Proposed Transaction"), pursuant to which Foamix Pharmaceuticals Ltd. ("Foamix" or the "Company") will be acquired by Menlo Therapeutics Inc. ("Parent") and Giants Merger Subsidiary Ltd. ("Merger Sub," and together with Parent, "Menlo").

2. On November 10, 2019, Foamix's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Menlo. Pursuant to the terms of the Merger Agreement, Foamix's stockholders will receive 0.5924 shares of Parent common stock and one contingent stock right ("CSR") for

each share of Foamix common stock they own.

3. On December 4, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Foamix common stock.

9. Defendant Foamix is a company organized under the laws of Israel and a party to the Merger Agreement. Foamix's common stock is traded on the NASDAQ Global Market under

the ticker symbol "FOMX."

10. Defendant Stanley Hirsch is Chairman of the Board of the Company.

11. Defendant Stanley Stern is a director of the Company.

12. Defendant Rex Bright is a director of the Company.

13. Defendant Anna Kazanchyan is a director of the Company.

14. Defendant Tony Bruno is a director of the Company.

15. Defendant David Domzalski is Chief Executive Officer and a director of the Company.

16. Defendant Aaron Schwartz is a director of the Company.

17. Defendant Sharon Barbari is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub is a company organized under the laws of Israel, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Foamix (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of November 4, 2019, there were approximately 61,253,788 shares of Foamix common stock

outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

28. Foamix is a specialty pharmaceutical company that focuses on therapeutic challenges in dermatology.

29. The Company recently received United States Food and Drug Administration ("FDA") approval for AMZEEQ™ (minocycline) topical foam, 4%, for the treatment of inflammatory lesions of non-nodular moderate-to-severe acne vulgaris in adults and pediatric patients nine years of age and older. Foamix is finalizing the implementation of the commercial infrastructure in preparation for a United States commercial launch anticipated in January 2020.

30. The Company's proprietary Molecule Stabilizing Technology (MST™) is utilized in its dermatology products and in other products currently in development: FMX103 for the potential treatment of moderate to severe papulopustular rosacea and FCD105 for the potential treatment of moderate to severe acne.

31. On November 10, 2019, Foamix's Board caused the Company to enter into the Merger Agreement with Menlo.

32. Pursuant to the terms of the Merger Agreement, Foamix's stockholders will receive 0.5924 shares of Parent common stock and one CSR for each share of Foamix common stock they own.

33. According to the press release announcing the Proposed Transaction:

Foamix Pharmaceuticals Ltd. (Nasdaq: FOMX) ("Foamix") and Menlo Therapeutics Inc. (Nasdaq: MNLO) ("Menlo") today announced that they have signed a definitive merger agreement to create a combined biopharmaceutical company focused on the commercialization and development of therapeutics to serve patients in the dermatology space. The Boards of Directors of both Foamix and Menlo have unanimously approved the transaction. . . .

Transaction Details

The transaction is structured as a stock-for-stock exchange, enabling the Foamix and Menlo shareholders to share in the upside advantages of combining the companies. Recognizing the near term data coming from Menlo's Phase III trials in PN, the transaction accounts for the data outcomes by providing a premium to Menlo in the event that both trials are successful, while creating a mechanism to provide more shares to Foamix shareholders to provide downside adjustment if one or both PN trials do not hit their primary endpoint.

Under the terms of the merger agreement, each share of Foamix stock will be exchanged for 0.5924 of a share of Menlo common stock and a contingent stock right ("CSR"). The exchange ratio (prior to any adjustment through the CSR) implies a 18% premium to Menlo shareholders based upon the 10-day average volume weighted trading price for each company. Foamix shareholders will own approximately 59% of the combined company and Menlo shareholders will own approximately 41% on a pro forma, fully diluted basis, giving effect to all dilutive stock options at the time of announcement, units and warrants but without taking into account any adjustment to the exchange ratio or through the CSR. The exchange ratio or CSR may result in the delivery of additional shares of Menlo common stock to Foamix shareholders dependent upon the Phase III trial results for serlopitant for the treatment of pruritus in PN. There are certain adjustments to the ownership levels for each company's shareholders as follows that result from an adjustment to the exchange ratio under the Merger Agreement prior to closing or post-closing through the issuance of CSRs to Foamix shareholders:

- If one of the Phase III PN trials fails to meet its primary endpoint at or before May 31, 2020, Foamix shareholders will receive an additional 0.6815 of a share of Menlo common stock for each Foamix share, increasing pro forma ownership of the combined company by Foamix shareholders to 76%

- If both Phase III PN trials fail to meet their primary endpoints at or before May 31, 2020, Foamix shareholders will receive 1.2082 additional Menlo shares for each Foamix share, increasing pro forma ownership of the combined company by Foamix shareholders to 82%

- If both the Phase III PN trials are successful with results announced by May 31, 2020, then no additional Menlo shares will be issued to Foamix shareholders and pro forma ownership by Foamix shareholders will remain 59%

- In the event that the results of the Phase III PN trials are received prior to closing (or if the results of neither trial has been announced by May 31, 2020 and the closing occurs thereafter), then the exchange ratio will be amended based on the clinical trial results and no CSRs will be issued.

The adjustments to ownership levels were designed with the intent of providing protection to Foamix shareholders in the event that either of these important serlopitant clinical trials were not successful. To the extent the CSRs are issued, they will not be registered or separately tradeable, and there will be restrictions on their transfer.

The combined company will be led by David Domzalski, CEO of Foamix and headquartered in New Jersey. The board of the combined company will consist of five members designated by Foamix (including Mr. Domzalski) and two members designated by Menlo (including Steve Basta, its CEO).

The transaction is subject to approval of the merger by Foamix shareholders, approval of the share issuance to Foamix shareholders by Menlo stockholders, as well as regulatory approvals and satisfaction of other customary closing conditions. Certain significant shareholders of Foamix and Menlo, together with the CEOs of both companies, have entered into agreements, whereby they have agreed to vote the shares they hold at the time of the shareholder meeting in favor of the merger and/or share issuance (subject to limited exceptions). The transaction is expected to be completed in late Q1/early Q2 of 2020. . . .

Barclays acted as exclusive financial advisor to Foamix. Skadden, Arps, Slate, Meagher & Flom, LLP and Meitar, Liquornik, Geva, Leeshem and Tal acted as Foamix's legal counsel in connection with the transaction. Guggenheim Securities, LLC acted as exclusive financial advisor to Menlo. Latham & Watkins LLP and Herzog, Fox & Neeman acted as Menlo's legal counsel in connection with the transaction.

## *The Registration Statement Omits Material Information*

34.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35.    As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

36.    First, the Registration Statement omits material information regarding the Company's and Menlo's financial projections.

37.    With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) EBIT and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38.    With respect to Menlo's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) EBIT and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Barclays Bank PLC ("Barclays").

41. With respect to Barclays' Discounted Cash Flow Analysis – Foamix, the Registration Statement fails to disclose: (i) all line items used to calculate Foamix's projected after-tax probability adjusted unlevered free cash flows for fiscal years 2020 through 2024; (ii) the terminal value of Foamix; (iii) Barclays' basis for selecting a range of 1.0% to 3.0% of annual growth rates for Foamix in perpetuity after December 31, 2024; and (iv) the individual inputs and assumptions underlying the range of after-tax discount rates of 12.0% to 14.0%.

42. With respect to Barclays' Discounted Cash Flow Analysis – Menlo – Phase III PN Trials "Full Success," the Registration Statement fails to disclose: (i) all line items used to calculate Menlo's projected after-tax probability adjusted unlevered free cash flows for fiscal years 2020 through 2035; (ii) the terminal value of Menlo; (iii) Barclays' basis for selecting a range of -10.0% to 0.0% of annual growth rates for Menlo in perpetuity after December 31, 2035; and (iv) the individual inputs and assumptions underlying the range of after-tax discount rates of 12.0% to 14.0%.

43. With respect to Barclays' Discounted Cash Flow Analysis – Menlo – Phase III PN Trials "Partial Success," the Registration Statement fails to disclose: (i) all line items used to calculate Foamix's projected after-tax probability adjusted unlevered free cash flows for fiscal

years 2020 through 2035; (ii) the terminal value of Menlo; (iii) Barclays' basis for selecting a range of -10.0% to 0.0% of annual growth rates for Menlo in perpetuity after December 31, 2035; and (iv) the individual inputs and assumptions underlying the range of after-tax discount rates of 12.0% to 14.0%.

44. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45. Third, the Registration Statement omits material information regarding potential conflicts of interest of Barclays.

46. The Registration Statement fails to disclose the amount of compensation Barclays received for the past services it provided to the Company.

47. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

48. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Recommendation of the Foamix Board and Foamix's Reasons for the Merger; (iii) Opinion of Barclays as Foamix's Financial Advisor; (iv) Summary of Certain Foamix Unaudited Prospective Financial Information; and (v) Summary of Certain Menlo Unaudited Prospective Financial Information.

49. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Foamix

50.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.   The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Foamix is liable as the issuer of these statements.

52.   The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

53.   The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54.   The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

55.   The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56.   By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Menlo

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants and Menlo acted as controlling persons of Foamix within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Foamix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60. Each of the Individual Defendants and Menlo was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

62.     Menlo also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

63.     By virtue of the foregoing, the Individual Defendants and Menlo violated Section 20(a) of the 1934 Act.

64.     As set forth above, the Individual Defendants and Menlo had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 11, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com